# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOAN T. KLOTH-ZANARD, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, ET. AL. <br><br> Defendants. | No. 3:15-cv-1208 (MPS) |

## RULING ON MOTION TO AMEND

*Pro se* Plaintiff, Joan T. Kloth-Zanard, sued Bank of America, N.A. ("Bank of America"), Specialized Loan Services, LLC ("SLS"), Wells Fargo/Northwest Bank Minnesota, Mortgage Electronic Registration Services, Inc. ("MERS"), and The Bank of New York Mellon ("BONY"). I dismissed the claims against Wells Fargo, MERS, and BONY in October 2017. (*See* ECF No. 70; ECF No. 74.) Now before me is the plaintiff's motion to amend her complaint. (ECF No. 132.) In her motion to amend, the plaintiff claims that her "inexperience and lack of legal knowledge," along with her "unseen disability," caused her to err in her reading of this Court's initial review order (ECF No. 12), resulting in her mistakenly believing that her "Fair Debt Practices" claim—her claims under 15 U.S.C. §§ 1692d and 1692g, the Fair Debt Collection Practices Act ("FDCPA")—had been dismissed. (*See id.* at 1-2.) As such, she requests permission to amend her complaint to include such a claim.

I issued an order on June 8, 2018, noting I would deny the plaintiff's motion to amend to the extent it sought to revive her FDCPA claim against defendants who had been previously dismissed from the case. (*See* ECF No. 134 ("As an initial matter, it appears that the plaintiff's

1

proposed amended complaint would revive her suit against the previously dismissed defendants. . . . The Court will deny the plaintiff's motion to amend with respect to these defendants given the prejudice it would cause them." (internal citations omitted).) I noted, however, that since the plaintiff's remaining claims against the defendants included a claim under the Connecticut Creditors Collections Practices Act ("CCCPA")—a statute similar to the FDCPA in that both focus on proscribing abusive debt collection practices—and discovery had not yet been completed, I was "inclined to seriously consider the plaintiff's request to amend her complaint despite her significant delay in making such a request." (*See id.* (citing *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (2d Cir. 2000) (granting leave to amend where trial date had not been set, discovery had not been completed, and claims against new defendants did not raise factual claims unrelated to the events in [the] original [ ] complaint).) In light of this disposition, I gave the defendants fourteen days to file a brief in opposition to the motion to amend. (*See id.*) Defendant Bank of America subsequently filed a timely objection. (*See* ECF No. 138.)

The Federal Rules of Civil Procedure provide that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court, "in its discretion, should freely grant leave to amend, and may not deny leave to amend absent good cause." *Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004). I conclude that there is "good cause" in this case. The FDCPA applies only to "debt collectors." *See* 15 U.S.C. § 1692d ("A *debt collector* may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." (emphasis added)). The FDCPA defines the term "debt collector" as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The Supreme Court recently considered the extent of this definition in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017). *Henson* concerned whether a bank that purchased a series of defaulted loans from another lender and then sought to collect under those loans constituted a "debt collector" under the FDCPA. *See id.* at 1720-21. The Supreme Court held that it did not, concluding that "under the definition [of 'debt collector'] at issue . . . [,] you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector." *Id.* at 1725. Thus, a company that "collect[s] purchased defaulted debt for its own account" does not qualify as a "debt collector" under the statute. *Id.* at 1724.

*Henson* is directly applicable to the plaintiff's proposed FDCPA claim against Bank of America. The plaintiff's amended complaint alleges that Bank of America took over her mortgage when it purchased Country Wide Home Loans. (*See* ECF No. 132 at ¶¶ 30, 35, 40-41, 43.) It also alleges that Bank of America repeatedly refused her loan modifications to which she was entitled due to her disability and engaged in harassing debt collection practices along with Defendant SLS. (*See id.* at ¶¶ 51-55, 76-91.) The plaintiff does not argue, however, that Bank of America is engaged in the practice of collecting debts owed to other entities. Rather, she contends that Bank of America engaged in abusive tactics in attempting to collect on a mortgage it had assumed through its purchase of Country Wide Home Loans. I therefore conclude that Bank of America is not a "debt collector" under the FDCPA and that the plaintiff's claim against it would be futile.[1] *See In re American Exp. Co. Shareholder Litig.*, 39 F.3d 395, 402 (2d Cir.1994) ("leave to amend may be denied if the amendment would be futile").

---

[1] The plaintiff's FDCPA claim does not suffer from a similar flaw with respect to SLS, which she alleges was the "servicer" of her mortgage. (*See* ECF No. 132 at ¶84.)

The plaintiff's motion to amend (ECF No. 132) is therefore GRANTED IN PART AND DENIED IN PART. She may amend her complaint to add an FDCPA claim against Defendant SLS but not against Defendant Bank of America. The Court and the parties shall treat ECF No. 132 as the operative complaint, except that the FDCPA claim in that complaint against Bank of America is hereby dismissed.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
October 10, 2018